■ WILLIAM T. HORNE, as Administrator of the Estate of MICHAEL P. HORNE, Deceased, Respondent-Appellant, v METROPOLITAN TRANSIT AUTHORITY, Defendant, HORN CONSTRUCTION CO., INC., Respondent, and J.D. POSILLICO, INC., Appellant-Respondent. — In a wrongful death action, plaintiff and defendant J.D. Posillico, Inc., cross-appeal from a judgment of the Supreme Court, Nassau County (Di Paola, J.), entered September 24, 1980, after a jury trial, which is in favor of the plaintiff and against defendants Horn Construction Co., Inc., and J.D. Posillico, Inc., in the principal sum of $63,000. (The jury verdict in plaintiff's favor was initially $125,000; the trial court reduced it to $70,000 upon posttrial motions to set aside the verdict; the final award of $63,000 was based upon the jury's finding that the decedent was 10% responsible for the accident.) Judgment modified, on the law, by deleting the first decretal paragraph thereof, which awarded plaintiff damages, and as between plaintiff and defendants Horn Construction Co., Inc., and J.D. Posillico, Inc., action severed and new trial granted limited to the issue of damages only, unless plaintiff serves and files in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the damage award in his favor to $50,000, which shall be further reduced based upon the jury finding as to responsibility. As so modified, judgment affirmed, without costs

or disbursements. Plaintiff shall serve and file the stipulation within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. On January 31, 1976, the decomposed body of plaintiff's decedent was found in a large, six-foot-deep pit, not far from a major thoroughfare. He had last been seen alive on December 31, 1975. While the evidence indicated that the decedent could have died by falling into the pit, which had not been properly barricaded by certain defendants, there were no bruises on the decedent's body. The decedent had consumed some alcoholic beverages shortly before his death, and an autopsy indicated that alcohol was present in his stomach, blood, and brain. Indeed, there was expert testimony that death was caused by exposure and "acute alcoholic ingestion". But there was also expert testimony that the decedent was not intoxicated when he was last seen alive, and that the alcohol found in his body could have been a result of, rather than a cause of death. The jury returned a verdict in favor of plaintiff in the amount of $125,000, later reduced by the court to $70,000. The jury also found that the decedent had been 10% comparatively negligent in causing his own death. Except for the measure of damages, we agree with the conclusion of the jury. In any action to recover damages for personal injuries or wrongful death, a verdict for the plaintiff based on mere speculation as to the cause of the injuries or death cannot be allowed to stand (see *Stuart-Bullock v State of New York,* 33 NY2d 418; *Agius v State of New York,* 50 AD2d 1049). There must be proof that the wrongful act complained of was the proximate cause of the injuries (see *Jenks v McGranaghan,* 30 NY2d 476; Prosser, Torts [4th ed], §§ 41-42). The courts have held, however, that in a wrongful death action, where there are often no surviving eyewitnesses to the occurrence which resulted in the death, circumstantial evidence may be afforded a greater degree of weight than in cases where there are eyewitnesses who can testify to the occurrence in question (see *Noseworthy v City of New York,* 298 NY 76; *Abbott v St. Luke's Mem. Hosp. Center,* 38 AD2d 176, 179; cf. *Cole v Swagler,* 308 NY 325). We conclude that there is sufficient evidence in the record from which the jury could have found that the failure of certain defendants to properly barricade the pit was a proximate cause of the decedent's death. While we cannot say that the proof was conclusive on this point, the jury's verdict was supported by the record and was not contrary to the weight of the evidence. Therefore, the finding as to liability must be affirmed. However, neither the jury's nor the court's decision as to the measure of damages was supported by the record. After considering the potential earnings of the decedent and the length of time that he would likely have contributed to his parents' support had he lived and, as is probable, gotten married, we reduce the award of damages to $50,000, which must be further reduced by the finding as to comparative negligence. Rabin, J.P., Cohalan, Weinstein and Thompson, JJ., concur.