(July 7, 2009)

■ MIRO BACIC, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [883 NYS2d 258]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kelly, J.), dated November 2, 2007, which, after a jury trial and upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law for failure to establish a prima facie case, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's decedent was dropped off at the Main Street subway station in Queens at 4:45 P.M. on July 9, 2003. Shortly thereafter, her deceased body was found under two cars of a Manhattan-bound No. 7 train, and one of her shoes was found on the subway platform. There were no witnesses to the incident, but, according to the medical examiner's report, the decedent's blood alcohol level was .21%. At the close of the evidence at the trial of this action, the Supreme Court granted the defendant's motion to dismiss the complaint for failure to make out a prima facie case of negligence. We affirm.

"While . . . a deceased or unconscious plaintiff is held to a lesser standard of proof, that does not relieve the plaintiff of the obligation to provide some proof from which negligence could reasonably be inferred" (*Byrd v New York City Tr. Auth.*, 228 AD2d 537 [1996] [citation omitted]; *see Noseworthy v City of New York*, 298 NY 76, 80 [1948]; *Horne v Metropolitan Tr. Auth.*, 82 AD2d 909, 910 [1981]). Here, the only evidence supporting the negligence claim was the testimony of the plaintiff's expert Nicholas Bellizzi that the train's conductor should have seen the decedent, or at least her shoe, on the platform. That testimony was entirely speculative, however, and thus did not constitute proof from which negligence could reasonably be inferred (*see e.g. Mirjah v New York City Tr. Auth.*, 48 AD3d 764, 765-766 [2008]; *Seong Sil Kim v New York City Tr. Auth.*, 27 AD3d 332, 334 [2006]; *cf. Huggins v Figueroa*, 305 AD2d 460, 462 [2003]). Accordingly, even after giving the plaintiff "the benefit of every favorable inference which [could] reasonably [be] drawn from the evidence" (*Posner v New York City Tr. Auth.*, 27 AD3d 542, 543 [2006]; *see McCummings v New York City Tr. Auth.*, 81 NY2d 923, 926 [1993], *cert denied* 510 US 991

[1993]), the Supreme Court properly granted the defendant's motion to dismiss the complaint for failure to establish a prima facie case. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.