◼ Margaret A. Neenan, Individually and as Administratrix of the Estate of Patrick R. Neenan, Deceased, Appellant, v Murray Quinton et al., Respondents. [974 NYS2d 73]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from an order of the

Supreme Court, Queens County (Hart, J.), entered June 27, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and, in effect, denied her cross motion pursuant to CPLR 3126 to strike the answer or to preclude the defendants from offering certain evidence.

Ordered that the order is affirmed, with costs.

"The Supreme Court has broad discretion in making determinations concerning matters of disclosure, including the nature and degree of the penalty to be imposed under CPLR 3126" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012] [citation omitted]). "Before a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (*Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210; *Commisso v Orshan*, 85 AD3d 845 [2011]).

Here, the plaintiff failed to establish that the defendants did not comply with a court order directing discovery. Further, the record does not support the plaintiff's contention that the defendants willfully, contumaciously, and repeatedly failed to respond to the plaintiff's discovery demands. Accordingly, the Supreme Court providently exercised its discretion by, in effect, denying the plaintiff's cross motion pursuant to CPLR 3126 to impose the drastic remedies of striking the answer or precluding evidence (*see Korchak v Santana*, 102 AD3d 928 [2013]; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d at 739).

The complaint in this case alleged that the defendants acted negligently and thereby caused the death of the plaintiff's decedent, who was struck by a train owned and operated by the defendants. "[A] train operator may be found negligent if he or she sees a person on the tracks from such a distance and under such other circumstances as to permit him [or her], in the exercise of reasonable care, to stop before striking the person" (*Soto v New York City Tr. Auth.*, 6 NY3d 487, 493 [2006] [internal quotation marks omitted]). In support of their motion for summary judgment dismissing the complaint, the defendants submitted evidence, including the deposition testimony of the operator of the train involved in the subject accident, that he was operating the train at a lawful speed and was approximately one car length away when he first observed the decedent, who was intoxicated, trespassing on the tracks. The train operator immediately applied the emergency brakes and sounded the horn, but at that point, it was impossible to avoid the collision. The evidence submitted by the defendants

established, prima facie, that they were not negligent in the happening of the accident as a matter of law (see *Mirjah v New York City Tr. Auth.*, 48 AD3d 764 [2008]; *Reeve v Long Is. R.R.*, 27 AD3d 636 [2006]).

Although a plaintiff in a wrongful death action is held to a lower standard of proof than that required of a plaintiff who is able to describe the occurrence (see *Noseworthy v City of New York*, 298 NY 76 [1948]), this does not relieve the plaintiff of the obligation to provide some proof from which negligence can reasonably be inferred (see *Santiago v Quattrociocchi*, 91 AD3d 747, 748 [2012]; *Bacic v New York City Tr. Auth.*, 64 AD3d 526, 527 [2009]). Here, in opposition to the defendants' motion for summary judgment, the plaintiff's speculative assertions that the train operator should have seen the decedent in time to stop the train were insufficient to raise a triable issue of fact (see *Mirjah v New York City Tr. Auth.*, 48 AD3d at 765; see also *Dibble v New York City Tr. Auth.*, 76 AD3d 272 [2010]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.