■ PAUL PALMIERI, Appellant, v PIANO EXCHANGE, INC., et al., Respondents. [1 NYS3d 315]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated March 5, 2013, as denied that branch of his motion which was pursuant to CPLR 3126 to strike the answer or preclude the defendants from adducing evidence at trial provided that the defendants appeared for a deposition on or before a specified date, and

denied that branch of his motion which was for costs and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The determination whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court (*see Neenan v Quinton*, 110 AD3d 967, 968 [2013]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012]; *Romeo v Barrella*, 82 AD3d 1071, 1075 [2011]). However, the drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious (*see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *Commisso v Orshan*, 85 AD3d 845 [2011]). The willful and contumacious character of a party's conduct may be inferred from the party's repeated failure to comply with court-ordered discovery and the absence of any reasonable excuse for those failures, or a failure to comply with court-ordered discovery over an extended period of time (*see Tos v Jackson Hgts. Care Ctr., LLC*, 91 AD3d 943, 944 [2012]; *Mangru v Schering Corp.*, 90 AD3d 621 [2011]; *Matone v Sycamore Realty Corp.*, 87 AD3d 1113, 1114 [2011]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]).

Here, the defendants substantially, albeit tardily, complied with the plaintiff's notices for discovery, and their conduct was not willful and contumacious (*see Delarosa v Besser Co.*, 86 AD3d 588, 589 [2011]; *Mironer v City of New York*, 79 AD3d 1106, 1108 [2010]; *Manko v Lenox Hill Hosp.*, 44 AD3d 1014 [2007]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the answer or preclude the defendants from adducing evidence at trial provided that the defendants appeared for a deposition on or before a specific date.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.

Motion by the appellant on an appeal from an order of the Supreme Court, Suffolk County, dated March 5, 2013, inter alia, to strike stated portions of pages four through six of the respondents' brief. By decision and order on motion dated October 23, 2014, that branch of the motion which is to strike stated portions of the respondents' brief was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of pages four through six of the respondents' brief on the ground that they contain or refer to matter dehors the record is granted, and those portions of page four of the respondents' brief regarding responses to the order appealed from and the deposition ordered by the Supreme Court, and those portions of pages five and six regarding communications with the Supreme Court are deemed stricken and have not been considered in the determination of the appeal. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.