■ Constance MacKenzie, Appellant, v City of New York, Respondent. (And Third-Party Actions.) [1 NYS3d 840]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated July 1, 2013, as denied her motion pursuant to CPLR 3126 to strike the defendant's answer or to preclude the defendant from offering certain evidence at trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'The Supreme Court has broad discretion in making determinations concerning matters of disclosure' " (*Neenan v Quinton*, 110 AD3d 967, 968 [2013], quoting *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012]). " 'Before a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious' " (*Neenan v Quinton*, 110 AD3d at 968, quoting *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *see Moog v City of New York*, 30 AD3d 490 [2006]).

Here, the plaintiff failed to establish that the defendant did not comply with a court order directing discovery or that the defendant willfully and contumaciously failed to respond to her discovery demands (*see Neenan v Quinton*, 110 AD3d at 968; *Korchak v Santana*, 102 AD3d 928 [2013]). Accordingly, the Supreme Court properly denied the plaintiff's motion to strike the defendant's answer or to preclude the defendant from offering certain evidence at trial. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.