■ 6 HARBOR PARK DRIVE, LLC, Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent, et al., Defendants. [5 NYS3d 887]—In

a consolidated action to recover damages for injury to property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated December 18, 2012, as denied its motion pursuant to CPLR 3126, inter alia, to strike the answer of the defendant Town of North Hempstead or to preclude that defendant from adducing evidence at trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The determination whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (*Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612 [2015]; *see Neenan v Quinton*, 110 AD3d 967, 968 [2013]). However, the drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious (*see MacKenzie v City of New York*, 125 AD3d 821 [2015]; *Palmieri v Piano Exch., Inc.*, 124 AD3d at 612; *Gutman v Cabrera*, 121 AD3d 1042, 1043 [2014]). Here, the plaintiff failed to make such a showing.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3126, inter alia, to strike the Town's answer or to preclude the Town from adducing evidence at trial. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.