Kiernan v Booth Mem. Med. Ctr. (2019 NY Slip Op 06597)





Kiernan v Booth Mem. Med. Ctr.


2019 NY Slip Op 06597


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-09085
 (Index No. 4138/13)

[*1]Mary Kiernan, etc., et al., appellants, 
v
Booth Memorial Medical Center, et al., defendants, Forest View Nursing Home, Inc., doing business as Forest View Center for Rehabilitation and Nursing, respondent.


David Zevin, Roslyn, NY, for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, negligence, and violations of the Public Health Law, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 12, 2018. The order denied the plaintiffs' motion pursuant to CPLR 3126 to preclude the defendant Forest View Nursing Home, Inc., doing business as Forest View Center for Rehabilitation and Nursing, from producing evidence at trial and to strike its answer.
ORDERED that the order is affirmed, with costs.
On February 5, 2008, the plaintiffs' decedent was admitted to the defendant Forest View Nursing Home, Inc., doing business as Forest View Center for Rehabilitation and Nursing (hereinafter Forest View), and was transferred to the defendant New York Hospital Medical Center of Queens on the following day. In September 2010, the plaintiffs commenced this action, alleging, inter alia, that Forest View had been negligent in its care of the decedent, which resulted in, among other things, pulmonary injury to the decedent and injury to her leg.
On January 26, 2017, the plaintiffs served a discovery demand on Forest View requesting disclosure, inter alia, of the names, last known addresses, and color photographs of all personnel who worked on the floor where the decedent resided on February 5 and 6, 2008. When Forest View refused to provide that information, the plaintiffs moved pursuant to CPLR 3124 to compel it to comply with the demand. By so-ordered stipulations dated August 23, 2017, and September 19, 2017, the Supreme Court directed Forest View to provide identifying information with respect to certain employees highlighted in the decedent's medical records and the floor nurses on duty on February 6, 2008. Forest View timely complied with the court's directives. In an order dated November 29, 2017, the court stated that the plaintiffs also were entitled to the identities of the health aides working at Forest View. Thereafter, the plaintiffs moved pursuant to CPLR 3126 to preclude Forest View from producing evidence at trial and to strike its answer for its alleged willful failure to comply with their discovery demands. In an order entered June 12, 2018, the court denied the plaintiffs' motion. The plaintiffs appeal.
"The determination whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; see Neenan v Quinton, 110 AD3d 967, 968). However, the drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed absent a clear showing that the failure to comply with discovery demands or orders was willful and contumacious (see MacKenzie v City of New York, 125 AD3d 821, 822; Palmieri v Piano Exch., Inc., 124 AD3d at 612; Gutman v Cabrera, 121 AD3d 1042, 1043). Here, Forest View timely complied with the court-ordered discovery and adequately explained that it had previously disclosed the identity of the health aides and their employment statuses on September 14, 2017. Thus, there was no clear showing that Forest View engaged in any willful and contumacious noncompliance with regard to disclosure in this matter (see e.g. MacKenzie v City of New York, 125 AD3d at 822; Palmieri v Piano Exch., Inc., 124 AD3d at 612).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 3126 to preclude Forest View from producing evidence at trial and to strike its answer.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court