Estate of Umali v Long Is. R.R. (2020 NY Slip Op 02460)





Estate of Umali v Long Is. R.R.


2020 NY Slip Op 02460


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-13007
 (Index No. 25259/12)

[*1]Estate of Edgar Umali, etc., et al., appellants,
v
Long Island Rail Road, etc., respondent.


Mandler & Sieger, LLP, Huntington Station, NY (Peter A. Mandler and Beth S. Gereg of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated August 8, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
This action was commenced, inter alia, to recover damages for the wrongful death of the decedent, Edgar Umali. According to the plaintiffs, the decedent died from injuries he sustained when he was hit by a Long Island Rail Road (hereinafter LIRR) train when the train was attempting to pull into the Central Islip LIRR station. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiffs appeal.
We agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint. " [A] train operator may be found negligent if he or she sees a person on the tracks from such a distance and under such other circumstances as to permit him [or her], in the exercise of reasonable care, to stop before striking the person'" (Neenan v Quinton, 110 AD3d 967, 968, quoting Soto v New York City Tr. Auth., 6 NY3d 487, 493). Here, the defendant submitted evidence sufficient to demonstrate, prima facie, that it was not negligent in the happening of the accident and that it was entitled to summary judgment dismissing the complaint (see Neenan v Quinton, 110 AD3d at 968-969; Mirjah v New York City Tr. Auth., 48 AD3d 764, 764-765). In opposition, the plaintiffs failed to raise a triable issue of fact.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court