Pabon v Long Is. R.R. Co. (2020 NY Slip Op 07208)





Pabon v Long Is. R.R. Co.


2020 NY Slip Op 07208


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2020-00097
 (Index No. 707250/17)

[*1]Julian Pabon, etc., respondent, 
v
Long Island Railroad Company, appellant, et al., defendant.


Paige Graves, Jamaica, NY (Andrew Muccigrosso of counsel), for appellant.
Cellino & Barnes, P.C., Garden City, NY (John E. Lavelle of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death, the defendant Long Island Railroad Company appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 6, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Long Island Railroad Company.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Long Island Railroad Company is granted.
On or about January 9, 2017, at approximately 8:00 p.m., the decedent allegedly was attempting to drive her vehicle across the railroad tracks at the Fourth Street railroad crossing in Brentwood, when her vehicle was struck by an oncoming train. The decedent sustained fatal injuries as a result of the accident. The plaintiff, as administrator of the decedent's estate, commenced this action against the defendants Long Island Railroad Company (hereinafter LIRR) and Metropolitan Transportation Authority, seeking to recover damages for wrongful death. After issue was joined, the defendants moved for summary judgment dismissing the complaint.
In an order entered December 6, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the LIRR. The LIRR appeals.
"'[A] train operator may be found negligent if he or she sees a person on the tracks from such a distance and under such other circumstances as to permit him [or her], in the exercise of reasonable care, to stop before striking the person'" (Neenan v Quinton, 110 AD3d 967, 968, quoting Soto v New York City Tr. Auth., 6 NY3d 487, 493 [internal quotation marks omitted]). Here, the LIRR established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that the train's engineer was operating the train at a lawful speed at the time of the accident, that he sounded the horn repeatedly, and that he immediately applied the emergency brakes upon seeing the decedent's vehicle, but at that point, it was impossible to avoid the accident (see Estate of Umali v Long Is. R.R., 182 AD3d 581; Neenan [*2]v Quinton, 110 AD3d at 968; Mirjah v New York City Tr. Auth., 48 AD3d 764, 764-765).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's speculative assertions that the train's engineer should have seen the decedent's vehicle in time to stop the train, and that the train should have been equipped with positive train control were insufficient to raise a triable issue of fact (see Neenan v Quinton, 110 AD3d at 969). Moreover, the unsworn report of the plaintiff's expert was not in admissible form, and should not have been considered by the Supreme Court (see Jaklitsch v Kelly, 176 AD3d 792, 793; Yuan Gao v City of New York, 145 AD3d 939; Hoffman v Mucci, 124 AD3d 723; Mazzola v City of New York, 32 AD3d 906).
In light of our determination, we need not reach the LIRR's remaining contention.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the LIRR.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court