Briceno v Beau Maison Corp. (2021 NY Slip Op 00287)





Briceno v Beau Maison Corp.


2021 NY Slip Op 00287


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-11974
 (Index Nos. 16106/11, 15816/12)

[*1]Beatriz Briceno, plaintiff,
v
Beau Maison Corp., etc., et al., defendants (and a third-party action). (Action No. 1)
Ysrael Gomez, etc., appellant,
v
New York City Transit Authority, respondent. (Action No. 2)


Henry Schwartz, Brooklyn, NY, for appellant.
Lawrence Heisler, Brooklyn, NY (Anna J. Ervolina of counsel), for respondent.



DECISION & ORDER
In related actions, inter alia, to recover damages for wrongful death, which were joined for trial, Ysrael Gomez, the plaintiff in Action No. 2, appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered October 5, 2017. The order, insofar as appealed from, granted that branch of the motion of the New York City Transit Authority, a defendant in Action No. 1 and the defendant in Action No. 2, which was for summary judgment dismissing the complaint in Action No. 2.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In Action No. 2 of these related actions, damages are sought from the defendant, New York City Transit Authority (hereinafter the NYCTA), for the alleged wrongful death of Jose Gomez (hereinafter the decedent). The plaintiff in Action No. 2, Ysrael Gomez, the administrator of the decedent's estate (hereinafter the Estate), alleges that the decedent died from injuries he sustained when he was hit by a northbound "N" subway train when the train was pulling into the 36th Avenue station, in Astoria, Queens, late in the evening of May 14, 2010. The NYCTA moved, inter alia, for summary judgment dismissing the Estate's complaint. The Supreme Court, among other things, granted that branch of the NYCTA's motion. The Estate appeals.
We agree with the Supreme Court's determination granting that branch of the NYCTA's motion which was for summary judgment dismissing the Estate's complaint. "'[A] train operator may be found negligent if he or she sees a person on the tracks from such a distance and under such other circumstances as to permit him [or her], in the exercise of reasonable care, to stop before striking the person'" (Neenan v Quinton, 110 AD3d 967, 968, quoting Soto v New York City Tr. Auth., 6 NY3d 487, 493 [internal quotation marks omitted]; see Estate of Umali v Long Is. R.R., 182 AD3d 581, 581). Here, the NYCTA submitted evidence sufficient to demonstrate, prima facie, [*2]that the train operator was not negligent in the happening of the accident and that it was entitled to summary judgment dismissing the Estate's complaint (see Estate of Umali v Long Is. R.R., 182 AD3d at 581; Neenan v Quinton, 110 AD3d at 968-969; Mirjah v New York City Tr. Auth., 48 AD3d 764, 764-765). The Estate's expert's speculative assertion in opposition that the train operator should have seen the decedent in time to stop the train, was insufficient to raise a triable issue of fact (see Mirjah v New York City Tr. Auth., 48 AD3d at 765; see also Dibble v New York City Tr. Auth., 76 AD3d 272).
The parties' remaining contentions are either without merit or academic in light of our determination.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court