Canel v New York City Tr. Auth. (2022 NY Slip Op 00396)





Canel v New York City Tr. Auth.


2022 NY Slip Op 00396


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-07018
 (Index No. 512424/16)

[*1]Edgar Canel, appellant, 
v
New York City Transit Authority, et al., respondents, et al., defendants.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Mark R. Bernstein of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 5, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transportation Authority which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleges that he was injured when he was struck by a southbound Q subway train at the Kings Highway train station. He commenced this action against, among others, the defendants New York City Transit Authority and Metropolitan Transit Authority (hereinafter together the defendants). Thereafter, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 5, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiff appeals.
"'[A] train operator may be found negligent if he or she sees a person on the tracks from such a distance and under such other circumstances as to permit him [or her], in the exercise of reasonable care, to stop before striking the person'" (Neenan v Quinton, 110 AD3d 967, 968, quoting Soto v New York City Tr. Auth., 6 NY3d 487, 493 [internal quotation marks omitted]; see Briceno v Beau Maison Corp., 190 AD3d 813, 814). Here, in support of their motion, the defendants submitted, among other things, a transcript of the train operator's deposition testimony. The operator testified that the train was approximately 3½ cars into the train station when he "slammed the brakes in emergency" upon seeing the plaintiff, whose knees were buckling, on the platform and about to go onto the tracks. The defendants also submitted the affidavit of the defendants' expert, in which he averred that the train operator could not have avoided the accident. The defendants' submissions established, prima facie, that the defendants were not negligent in the happening of the accident and that they were entitled to summary judgment dismissing the complaint (see Estate of Umali v Long Is. Rail Rd., 182 AD3d 581, 581-582; Sanders v New York City Tr. Auth., 83 AD3d 811, 813). In opposition, the plaintiff submitted only the affirmation of counsel, which was insufficient to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court