U.S. Bank N.A. v Hadar (2022 NY Slip Op 03542)





U.S. Bank N.A. v Hadar


2022 NY Slip Op 03542


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-13598
2020-03419
 (Index No. 135593/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Chagit Hadar, appellant, et al., defendants.


Law Offices of Jason J. Rebhun, P.C., New York, NY (Jason A. Borelli of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chagit Hadar appeals from (1) an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated October 30, 2019, and (2) an order of the same court dated November 19, 2019. The order dated October 30, 2019, denied that defendant's cross motion to dismiss the complaint insofar as asserted against him. The order dated November 19, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference.
ORDERED that the order dated October 30, 2019, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated November 19, 2019, is affirmed insofar as appealed from, without costs or disbursements.
In July 2014, the plaintiff commenced this action against the defendant Chagit Hadar (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located on Staten Island. Almost five years later, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed, and cross-moved to dismiss the complaint insofar as asserted against him on the ground that the plaintiff had failed to comply with discovery demands and with a prior order of the Supreme Court. In an order dated October 30, 2019, the court denied the defendant's cross motion and, in an order dated November 19, 2019, the same court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant appeals.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is [*2]commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). Here, the plaintiff established its standing, prima facie, by attaching the note to the complaint (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court also properly denied the defendant's cross motion to dismiss the complaint insofar as asserted against him. CPLR 3216 is an "extremely forgiving" statute which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v Goodsell, 6 AD3d 382, 383 [internal quotation marks omitted]; see Western Union N. Am. v Chang, 176 AD3d 1138, 1139). Although the court directed that the plaintiff make its motion for summary judgment returnable on a specific date or face dismissal for failure to prosecute, it was within the court's discretion to accept the plaintiff's motion despite the fact that the return date was approximately one month after the return date specified by the court (see generally HSBC Bank USA, N.A. v Fortini, 189 AD3d 1373, 1375-1376).
Moreover, contrary to the defendant's contention, the Supreme Court properly found that dismissal was not warranted on the ground that the plaintiff failed to comply with discovery demands. "The determination whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; see CPLR 3126; Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1398, 1399). "However, the drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed absent a clear showing that the failure to comply with discovery demands or orders was willful and contumacious" (Kiernan v Booth Mem. Med. Ctr., 175 AD3d at 1399-1400; see MacKenzie v City of New York, 125 AD3d 821, 822). Here, the record contains no evidence that the plaintiff failed to comply with any court order directing disclosure.
The defendant's remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court