**Rios v Addams**

2025 NY Slip Op 30099(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 153589/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**

*Justice*

PART    14

---------------------------------------------------------------------------X

MAGDA ROSA RIOS,

Plaintiff,

- v -

ROBERT DAVID ADDAMS, ADDAMS PROPERTIES LLC

Defendants.

---------------------------------------------------------------------------X

INDEX NO.    153589/2022

MOTION DATE    01/09/2025

MOTION SEQ. NO.    002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 78, 95, 96, 97, 98, 99

were read on this motion to/for                    STRIKE PLEADINGS                    .

Plaintiff's motion to strike defendants' answer is decided as described below.

**Background**

The instant property dispute arises out of a previous romantic relationship between plaintiff and defendant Addams. They met in 1988 and had two children (one in 1989 and one in 1992). The two never married but decided, in 1993, to purchase an apartment. This is where the parties' stories divert. Plaintiff argues that during the loan application process, the parties agreed to leave plaintiff off the loan and the deed because of defendant Addams' better credit rating.

Addams claims that there was little negotiation about the price of the apartment because it was a sponsor unit at a condo and that he paid the entire deposit of $12,500 from his own funds. He insists that because of plaintiff's poor credit history, the lender would not issue financing with plaintiff on the title or the mortgage; he disputes plaintiff's assertion that a better rate was offered if plaintiff was left out of the transaction. He points the Court to the amended

**153589/2022  ROSA RIOS, MAGDA vs. ADDAMS, ROBERT DAVID ET AL**
**Motion No. 002**

**Page 1 of 7**

1 of 7

purchase agreement (a document uploaded by plaintiff) in which she was removed from the purchase agreement entirely (NYSCEF Doc. No. 4).

Plaintiff and Addams soon broke up after he purchased the apartment and Addams moved out. Both parties agree that plaintiff continued to live in the apartment while their children were minors and that no lease agreement was ever entered into. Plaintiff alleges that she proceeded as if she co-owned the unit, maintained the apartment, and paid all condo charges as well as all mortgage payments. Defendant Addams claimed that he thought it was best for plaintiff to pay the combined maintenance and mortgage payments rather than forcing plaintiff to find a new place and pay rent there. It also allowed their children to stay in the same apartment. He insists that he paid the property taxes, however.

In 2016, Addams transferred title to the property to co-defendant Addams Properties LLC. He claims he did this after the mortgage was paid off and that he then told plaintiff to make the maintenance payments to the corporate entity but she refused. Addams contends that he then commenced a non-payment proceeding in Housing Court. However, the judge ultimately found that there was no landlord-tenant relationship and rejected Addams' petition. Addams insists that plaintiff has not made any payments for the use and occupancy of the apartment since March 2016 (except for two payments made while the non-payment case was active).

In this motion, plaintiff seeks to strike defendants' answer or, in the alternative, to issue preclusion orders barring defendants from offering testimony or evidence at trial. She contends that defendants have repeatedly frustrated plaintiff's efforts to pursue discovery. Plaintiff argues that defendants served responses to initial discovery demands that did not address several

**153589/2022   ROSA RIOS, MAGDA vs. ADDAMS, ROBERT DAVID ET AL**
**Motion No.  002**

**Page 2 of 7**

2 of 7

categories of documents. And she points out that defendants failed to serve any response to plaintiff's second document demands served in May 2024.

In opposition, defendants argue that plaintiffs did not comply with 22 NYCRR 202.7, a rule requiring a party to seek a good faith resolution to a dispute prior to making a motion. They insist that they have provided discovery in response to plaintiff's document demands. Defendants argue that the second document demand is duplicative and that the extreme relief sought by plaintiff is not appropriate. Defendants also argue that plaintiff is not entitled to the additional discovery sought in the second document demand because they are overbroad and seek financial records for over 32 years.

In reply, plaintiff emphasizes that defendants refused to comply with discovery demands for two years and have engaged in a willful pattern of noncompliance. She insists that the only appropriate relief is to strike defendants' answer or to preclude them from offering testimony or evidence.

The Court observes that defendants failed to timely oppose this motion and so it was initially granted without opposition. Defendants then moved to vacate and the Court granted that application; the Court now considers this fully briefed motion on the merits.

**Discussion**

As an initial matter, the Court observes that striking a pleading is a drastic remedy that is not appropriate under these circumstances. "[T]he drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" (*Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612, 1 NYS3d 315 [2d Dept 2015]).

**153589/2022   ROSA RIOS, MAGDA vs. ADDAMS, ROBERT DAVID ET AL**
**Motion No.  002**

**Page 3 of 7**

3 of 7

To be sure, defendants have not exactly timely responded to discovery demands. However, the parties entered into stipulations regarding the first set of discovery demands that delayed defendants' time to respond (*see e.g.,* NYSCEF Doc. Nos. 49, 53). And defendants eventually served responses to those demands. The Court cannot strike a pleading or impose the drastic remedy of preclusion where the parties agreed to a new deadline for responses, even where prior deadlines may have passed. The Court declines to go back in time and impose such a severe sanction under these circumstances.

To the extent that plaintiff complains about the quality and substance of defendants' responses to the first set of demands, that is also not a basis to strike defendants' answer. The fact is that plaintiff uploaded a letter after receiving these responses asking for time to review them (NYSCEF Doc. No. 54) and the next discovery stipulation between the parties did not mention anything about these responses (NYSCEF Doc. No. 57). That is, plaintiff did not insist that defendants serve supplemental responses nor did plaintiff make a motion to compel based on these purportedly insufficient responses. The only logical inference is that plaintiff had no issues and so the Court is unable to grant the relief plaintiff now requests based on this timeline.

The 2024 document demand presents a different situation. Defendants agreed in a May 2024 discovery stipulation to respond to plaintiff's second set of requests by June 25, 2024 (NYSCEF Doc. No. 59). And yet, on this record, defendants failed to comply with this directive as they have not attached a copy of a response. The two exhibits uploaded are defendants' responses to the first discovery requests (NYSCEF Doc. Nos. 97 and 98).

Instead, they contend that plaintiff's new demands are duplicative and overboard. But such objections should have been included in a response, not solely within opposition papers to the instant motion. Moreover, defendants could have moved for a protective order if they

**153589/2022   ROSA RIOS, MAGDA vs. ADDAMS, ROBERT DAVID ET AL**
**Motion No.  002**

**Page 4 of 7**

4 of 7

[* 4]

believed that plaintiff was not entitled to the discovery requested in May 2024. Doing nothing until responding to the instant motion is not a legitimate way to raise objections.

However, plaintiff's demand that defendants' answer be stricken is without merit. The requirement that defendants respond was included in a single order (NYSCEF Doc. No. 59). Following that conference order, plaintiff ignored the next deadline to update the Court in July 2024 (NYSCEF Doc. No. 60) and then made the instant motion in October. Missing a single deadline is not a basis to impose the drastic remedies that plaintiff now seeks.

It is also confounding that defendants, who attempted to remove plaintiff in a Housing Court action, are seemingly delaying the resolution of this case. Considering defendants' position is that plaintiff has no ownership interest, one might reasonably assume that they would be eager to move this case.

Therefore, the Court finds as follows:

Defendants must substantively respond to the second set of document requests, including by providing documents, on or before February 7, 2025.

The Court observes that "The failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101 or requests that are palpably improper" (*Otto v Triangle Aviation Services, Inc.*, 258 AD2d 448, 448, 684 NYS2d 612 [2d Dept 1999]).

Therefore, defendants may only raise objections based on privilege or that a specific request is palpably improper. Although defendants refer to some of the document requests, the Court cannot opine on the veracity of defendants' objections in the absence of a formal response (such what defendants were ordered to do in NYSCEF Doc. No. 59).

**153589/2022   ROSA RIOS, MAGDA vs. ADDAMS, ROBERT DAVID ET AL**
**Motion No.  002**

**Page 5 of 7**

5 of 7

Defendants must also (by February 7, 2025) submit a *Jackson* affidavit for any documents they claim are no longer in their possession.

**Summary**

To be clear, defendants are not required to supplement their responses with respect to the first set of discovery demands referred to in NYSCEF Doc. No. 53. The time for plaintiff to seek additional or supplementary responses for these requests has long passed. For some reason, plaintiff never raised her dissatisfaction with these responses in subsequent discovery stipulations or moved to compel. Instead, she waited for months only to then move for the most drastic remedy—the striking of a pleading. The Court denies that request.

The 2024 document demand compels a different outcome. Defendants cannot vaguely assert that such demands were duplicative or overbroad and yet not serve an actual response. Now those objections are untimely and defendants must substantively respond, including producing documents by February 7, 2025 (except for document requests that are either subject to a privilege or are palpably improper).

The next conference is adjourned to February 25, 2025 at 10 a.m. By February 18, 2025, the parties shall upload 1) a stipulation about discovery signed by all parties, 2) a stipulation of partial agreement that identifies the areas in dispute or 3) letters explaining why no agreement about discovery could be reached. The Court will then assess whether a conference is necessary (i.e., if the parties agree, then an in-person conference may not be required).

Accordingly, it is hereby

**153589/2022   ROSA RIOS, MAGDA vs. ADDAMS, ROBERT DAVID ET AL**
**Motion No.  002**

**Page 6 of 7**

6 of 7

[* 6]

ORDERED that plaintiff's motion to strike and to preclude defendants from offering evidence or testimony is denied at this time; and it is further

ORDERED that defendants shall respond to the second set of document requests, including by turning over documents, by February 7, 2025 and shall produce a *Jackson* affidavit if applicable.

| 1/13/2025 | | | |
| --- | --- | --- | --- |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153589/2022   ROSA RIOS, MAGDA vs. ADDAMS, ROBERT DAVID ET AL**
**Motion No.  002**

Page 7 of 7

7 of 7

[* 7]