■ REBECCA GOENS, Appellant, v BARRY N. VOGELSTEIN et al., Respondents.—In an action to recover damages for personal injuries allegedly sustained as a result of the medical malpractice of the defendants, the plaintiff appeals from an order of the Supreme Court, Nassau County (Ain, J.), dated January 15, 1988, which granted the defendants' respective motion and cross motion to preclude her from offering at trial any expert opinion testimony based upon certain X rays, and thereupon to dismiss the complaint.

Ordered that the order is reversed, without costs or disbursements, and the defendant's respective motion and cross motion are denied, on condition that (1) the plaintiff submit to a new series of X rays, at her own expense, with a copy of the X rays and any report made in connection therewith to be provided to the defendants, and (2) the plaintiff provide the defendants with copies of all expert reports relative to the missing X rays; and it is further,

Ordered that the plaintiff's time to comply with the foregoing conditions is extended until 30 days after service upon her of a copy of this decision and order with notice of entry; and it is further,

Ordered that in the event the conditions are not complied with, then the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff alleges that on May 3, 1984, she was brought to the emergency room of the defendant hospital after sustaining a fractured right wrist as the result of a fall. While there, X rays were taken and her wrist was placed in a cast by the defendant Dr. Vogelstein. Thereafter, she visited Dr. Vogelstein at his office on several occasions for further treatment and X rays were again taken on some of these visits. The plaintiff became dissatisfied with Dr. Vogelstein and obtained her X rays from him in order to obtain a second opinion. According to the plaintiff, Dr. Vogelstein improperly set the fracture and she commenced this suit.

Pursuant to a preliminary conference order, the plaintiff was directed to provide copies of all X rays. However, it was subsequently revealed by plaintiff's counsel that sometime after the X rays were reviewed by two of the plaintiff's medical experts they were lost and could not be located despite what he claimed to be a diligent search. The defendants respectively moved and cross-moved for an order pursu-

ant to CPLR 3126 dismissing the complaint or precluding the plaintiff from offering testimony based upon the lost X rays. The court granted the motion and cross motion and barred the plaintiff from introducing any evidence at trial with respect to the missing X rays.

CPLR 3126 provides that "the court may make such orders with regard to the failure or refusal as are just" where any party "refuses to obey an order for disclosure or wilfully fails to disclose information". There is no evidence in this case to suggest that the plaintiff willfully failed to comply with the preliminary conference order, or that the plaintiff deliberately and intentionally discarded or destroyed evidence, or otherwise thwarted the defendants' attempts at disclosure. Accordingly, it was an improvident exercise of discretion to impose the sanction of preclusion (see, Ferraro v Koncal Assocs., 97 AD2d 429; see also, Ramos v DeMond, 127 AD2d 751; cf., Sawh v Bridges, 120 AD2d 74, appeal dismissed 69 NY2d 852).

The cases relied upon by the court and the defendants in support of preclusion concern the admissibility of expert testimony at trial based upon X rays. Since the issue raised by the motions in question is whether there was a willful failure to disclose, the court prematurely reached the issue of admissibility. Whether the expert testimony should be admitted is a matter more properly determined at the time of trial.

Nevertheless, under the circumstances of this case, including the fact that the plaintiff's experts had an opportunity to review the lost X rays, we find it necessary to impose the specified conditions upon the plaintiff. The defendants may, if they are so advised, seek leave to conduct nonparty witness depositions of the plaintiff's experts as to the X rays. We leave to the discretion of the Trial Judge the ultimate determination as to the admissibility of expert testimony as to the X rays and reports. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.