■ MICHAEL CRONIN, Respondent, v HERBERT S. PERRY, Appellant, et al., Defendants. [702 NYS2d 861] —In an action to recover damages for medical malpractice, the defendant Herbert S. Perry appeals (1) from an order of the Supreme Court, Nassau County (DeMaro, J.), dated February 10, 1999, which denied his motion pursuant to CPLR 3126 to dismiss the complaint, and (2), as limited by his brief, from so much of an order of the same court, dated July 13, 1999, as, upon renewal, adhered to the prior determination.

Ordered that the order dated February 10, 1999, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 13, 1999, made upon renewal; and it is further,

Ordered that the order dated July 13, 1999, is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that the drastic remedy of striking a pleading or dismissing the complaint pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful, contumacious, or in bad faith. Where a party disobeys a court order and by his conduct frustrates disclosure, dismissal is within the broad discretion of the trial court (*see, Ranfort v Peak Tours,* 250 AD2d 747; *Brady v County of Nassau,* 234 AD2d 408; *Eagle Star Ins. Co. v Behar,* 207 AD2d 326). We agree with the Supreme Court that the appellant failed to demonstrate that the plaintiff's conduct in responding to court-ordered disclosure was willful, contumacious, or in bad faith. Thus, the Supreme Court providently exercised its discretion in denying dismissal of the action. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.