■ IRENE HALIKIOPOULOS et al., Respondents, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Appellant, et al., Defendants. [725 NYS2d 895] —In an action to recover damages for medical malpractice, etc., the defendant New York Hospital Medical Center of Queens appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated December 15, 1999, as denied its motion pur-

suant to CPLR 3126 to dismiss the complaint insofar as asserted against it based on the plaintiffs' failure to comply with court-ordered discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The drastic remedy of dismissing a complaint based on a plaintiff's failure to comply with court-ordered discovery should be granted only where the conduct is shown to be willful, contumacious, or in bad faith. Where a plaintiff disobeys a court order and by his or her conduct frustrates discovery, dismissal is proper (*see,* CPLR 3126; *Cronin v Perry,* 269 AD2d 351).

The appellant failed to demonstrate that the plaintiffs' delay in complying with court-ordered discovery due to law-office failure was willful, contumacious, or in bad faith (*see, Burgess v Brooklyn Jewish Hosp.,* 272 AD2d 285). Therefore, and in light of the strong public policy in favor of resolving cases on the merits, the apparent merit to the action, the plaintiffs' lack of intent to abandon the action, and the lack of prejudice to the appellant caused by the delay, the Supreme Court properly denied the appellant's motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it (*see, Cronin v Perry, supra; Burgess v Brooklyn Jewish Hosp., supra; see also,* CPLR 2005). Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.