■ ADAM LAMPEL, Appellant, v MAX SERGEL, Defendant, and PRISCILLA HERDMAN, Respondent. [731 NYS2d 669] —Motion by the appellant for reargument of an appeal from a judgment of the Supreme Court, Dutchess County, entered January 22,

2001, which was determined by decision and order of this Court dated May 21, 2001.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and, upon reargument, the unpublished decision and order of this Court dated May 21, 2001, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), entered January 22, 2001, which, upon an order of the same court, dated November 20, 2000, granting the motion of the defendant Priscilla Herdman to dismiss the complaint pursuant to CPLR 3126 insofar as asserted against her unless the plaintiff remitted the sum of $5,000 to her attorney within a specified time period, is in favor of the defendant Priscilla Herdman and against her in the principal sum of $5,000.

Ordered that the judgment is reversed, as a matter of discretion, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

An action should be resolved on the merits, if at all possible, and the drastic remedy of striking a pleading or dismissing the complaint pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the offending party is shown to be willful, contumacious, or in bad faith (*see, Cronin v Perry,* 269 AD2d 351; *Cruzatti v St. Mary's Hosp.,* 193 AD2d 579).

The Supreme Court improvidently exercised its discretion in granting the motion of the respondent Priscilla Herdman to dismiss the complaint insofar as asserted against her. The plaintiff's supplemental bill of particulars and response to the respondent's notice to produce substantially complied with the court-ordered discovery demands. Furthermore, the plaintiff claimed that he lacked knowledge with respect to certain information being sought. The respondent did not demonstrate that the plaintiff's conduct in failing to provide certain information which was unavailable to him was willful, contumacious, or in bad faith (*see, Cronin v Perry, supra; Remuneration Planning & Servs. Corp. v Berg & Brown,* 151 AD2d 268; *Reyes v City of New York,* 131 AD2d 654). Moreover, the plaintiff proffered a reasonable excuse for his short delay in complying with the preliminary conference order (*see, Cruzatti v St. Mary's Hosp., supra*). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.