■ THEODORE WAGNER et al., Respondents, v 119 METRO, LLC, et al., Appellants. [873 NYS2d 177]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Schulman, J.), entered February 29, 2008, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $24,000.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, with costs to abide the event.

This action, inter alia, to recover damages for breach of contract arises from the purchase by the defendant 119 Metro, LLC (hereinafter Metro), of three adjacent parcels of real property in Kew Gardens, Queens, from the plaintiffs Theodore Wagner and Kew Gardens Holdings. The dispute principally concerns the plaintiffs' contention that Metro and its member, the defendant Ilan Cohen, violated the parties' escrow agreement dated November 5, 2002 which provided that the defendants were to hold $24,000 of the purchase price in escrow to ensure that within 60 days the plaintiffs would perform certain work relating to Environmental Control Board (hereinafter ECB) violations, sidewalk violations, and certificates of occupancy regarding the subject parcels. In a subsequent forbearance agreement, the parties, among other things, extended the plaintiffs' time to complete their obligations under the escrow agreement until October 10, 2003. After a dispute arose over the plaintiffs' entitlement to the escrow funds, the plaintiffs commenced this action and, after joinder of issue, served discovery demands in January 2004 to which the defendants never responded. Nor did the defendants appear for scheduled depositions. Pursuant to a compliance conference order, the plaintiffs filed a note of issue and certificate of readiness on January 25, 2007. Six weeks later, on March 6, 2007, the plaintiffs served the defendants a notice to admit to which were

appended 39 documents. The defendants neither responded nor sought a protective order. On October 15, 2007, which was shortly before the trial, the defendants retained new counsel. One week later, on the first day of the trial, the plaintiffs moved in limine to preclude the defendants from testifying at trial and presenting any evidence at trial based on their failure to provide any discovery during the litigation. The defendants opposed, asserting that their failure to provide discovery had not been willful, but resulted from their prior counsel's failure to communicate with them, which led them to mistakenly believe that the plaintiffs had abandoned the matter. The trial court granted the motion to the extent of precluding the defendants from testifying at trial. At the nonjury trial, the only evidence consisted of the pleadings and the 39 documents appended to the notice to admit. Neither party presented any witnesses. At the conclusion of the trial, the court found that the plaintiffs either substantially performed their obligations under the escrow agreement by correcting the violations or were prevented from doing so by the defendants' actions and/or inactions, and accordingly, the defendants had breached the escrow agreement by failing to remit to the plaintiffs the sum of $24,000 held in the escrow account. A judgment thereafter was entered against the defendants in the principal sum of $24,000, from which the defendants appeal. We reverse.

The Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion in limine to the extent of precluding the defendants from testifying at trial, as there was no showing that the defendants' failure to provide discovery was willful and contumacious (see CPLR 3126; cf. *Klutchko v Baron,* 1 AD3d 400, 404 [2003]; *Goens v Vogelstein,* 146 AD2d 606 [1989]; *Tine v Courtview Owners Corp.,* 40 AD3d 966 [2007]). Instead, the defendants' submission in opposition to the motion demonstrated the reasonableness of their excuse that the law office failure of their prior counsel explained their failure to provide discovery (see *Hageman v Home Depot U.S.A., Inc.,* 25 AD3d 760 [2006]; *Halikiopoulos v New York Hosp. Med. Ctr. of Queens,* 284 AD2d 373 [2001]).

Based on the defendants' concession that they never responded to the plaintiffs' notice to admit, the trial court did not err in deeming the defendants to have admitted the genuineness of 39 documents appended to the plaintiffs' notice to admit (see CPLR 3123 [a]). Moreover, "[w]here, as here, a nonjury trial is involved, this Court's power to review the evidence is as broad as that of the trial court" (*Totonelly v Enos,* 49 AD3d 710, 711 [2008]; *see Northern Westchester Professional Park*

*Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). Since the trial court heard no testimony, under the circumstances, there is no issue with respect to witness credibility (*cf. Totonelly v Enos,* 49 AD3d at 711). The plaintiffs did not establish the defendants' breach of the escrow agreement or the plaintiffs' performance of their obligations thereunder.

In light of the trial court's error in granting the plaintiffs' in limine motion to preclude the defendants from testifying, and given that the trial evidence did not support the trial court's finding that the plaintiffs substantially performed their obligations under the escrow agreement or were prevented from doing so by the defendants, or that the defendants breached the escrow agreement, we reverse the judgment. Although the evidence submitted by the plaintiffs at trial failed to establish a prima facie case on their breach of contract causes of action, because discovery was never completed we must remit the matter to the Supreme Court, Queens County, for completion of discovery and, thereafter for a new trial.

In light of our determination, we need not address the defendants' remaining contention. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.