THEODORA LOPES et al., Respondents v METROPOLITAN TRANSIT AUTHORITY et al., Appellants. [886 NYS2d 762]—

In an action to recover damages for personal injuries, etc., the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Davis, J.), entered February 5, 2008, as granted that branch of the plaintiffs' cross motion which was for leave to serve a late or amended notice of claim on behalf of the plaintiff Dennis Lopes to the extent of allowing the plaintiffs to serve a supplemental notice of claim nunc pro tunc asserting the action on behalf of the plaintiff Dennis Lopes and directed the defendant Metropolitan Transit Authority to investigate the identity of the bus drivers who operated the subject bus route on the date of the accident and to provide such information to the plaintiffs, and (2) so much of an order of the same court entered June 18, 2008, as denied their motion to dismiss the complaint pursuant to CPLR 3126.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

While the defendants' motion to dismiss the complaint pursuant to CPLR 3126 was pending, the plaintiffs provided the disclosure sought by the defendants. Accordingly, while we do not condone the plaintiffs' delays in adhering to court-ordered discovery schedules (*see Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725 [2004]; *Kihl v Pfeffer,* 94 NY2d 118, 123 [1999]), given the public policy favoring resolution on the merits (*see Lampel v Sergel,* 287 AD2d 548 [2001]), under the circumstances, it was not an improvident exercise of discretion for the Supreme Court to deny the defendants' motion to dismiss (*see Savin v Brooklyn Mar. Park Dev. Corp.,* 61 AD3d 954 [2009]; *Duncan v Hebb,* 47 AD3d 871 [2008]; *Zouev v City of New York,* 32 AD3d 850, 851 [2006]; *Pascarelli v City of New York,* 16 AD3d 472, 473 [2005]). The defendants failed to establish that any delays were willful and contumacious such that the drastic

remedy of striking the complaint and dismissing the action would be justified (*see Paca v City of New York*, 51 AD3d 991 [2008]; *Pascarelli v City of New York*, 16 AD3d at 473; *Halikiopoulos v New York Hosp. Med. Ctr. of Queens*, 284 AD2d 373 [2001]; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]; *see also Anonymous v Duane Reade, Inc.*, 49 AD3d 479, 480 [2008]).

Further, the Supreme Court did not improvidently exercise its discretion in directing the defendant Metropolitan Transit Authority (hereinafter the MTA) to investigate and identify the bus drivers on the subject bus route on the date of the subject accident (*see Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp. of Am.]*, 47 NY2d 914, 916 [1979]; *Constantino v Dock's Clam Bar & Pasta House*, 60 AD3d 612 [2009]; *Gillen v Utica First Ins. Co.*, 41 AD3d 647 [2007]). Contrary to the MTA's contention, the court's direction that it provide the plaintiffs with the identities of those bus drivers did not impinge on its right to select a witness to produce for deposition (*cf. Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 932 [2008]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803 [2008]; *Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417 [1999]).

It was also not an improvident exercise of discretion for the Supreme Court to allow the plaintiffs to serve a supplemental notice of claim nunc pro tunc asserting the action on behalf of the plaintiff Dennis Lopes (*see* General Municipal Law § 50-e [6]; *Oschepkova v New York City Tr. Auth.*, 24 AD3d 523 [2005]; *Burgarella v City of New York*, 265 AD2d 361, 362 [1999]; *Dodd v Warren*, 110 AD2d 807 [1985]).

The defendants' remaining contentions are without merit. Dillon, J.P., Eng, Belen and Hall, JJ., concur.