In an action, inter alia, to recover damages for dental malpractice, etc., the plaintiff Halyna Korchak appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 5, 2011, as denied that branch of her motion which was pursuant to CPLR 3126 to preclude the defendant Jose E. Santana from producing certain evidence at trial.
Ordered that the order is affirmed insofar as appealed from, with costs.
While the appellant’s motion, inter alia, pursuant to CPLR 3126 to preclude was pending, the defendant Jose E. Santana (hereinafter the respondent) complied with the disclosure order dated March 22, 2010. Accordingly, while we do not condone the respondent’s delays in adhering to court-ordered discovery schedules (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Kihl v Pfeffer, 94 NY2d 118, 123 [1999]), given the public policy favoring resolution on the merits (see Lopes v Metropolitan Tr. Auth., 66 AD3d 744 [2009]; Pascarelli v City of New York, 16 AD3d 472 [2005]; Lampel v Sergel, 287 AD2d 548, 549 [2001]), under the circumstances, it was not an improvident exercise of discretion for the Supreme Court to deny that branch of the appellant’s motion which was to preclude the production of certain evidence (see Lopes v Metropolitan Tr. Auth., 66 AD3d 744 [2009]; Cambry v Lincoln Gardens, 50 AD3d 1081, 1082 [2008]; 1523 Real Estate, Inc. v East Atl. Props., LLC, 41 AD3d 567, 568 [2007]; Zouev v City of New York, 32 AD3d 850, 851 [2006]). The appellant did not demonstrate that the respondent’s conduct in failing to produce a certain original X-ray film, which was unavailable to him, was willful and contumacious such that the drastic remedy of preclusion would be justified (see Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739 [2012]; Lampel v Sergel, 287 AD2d at 549). Skelos, J.P., Dillon, Chambers and Sgroi, JJ., concur.