In an action to recover damages for personal injuries, the defendants Star 260 Realty, LLC, and Horizon Star Services, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated June 1, 2012, as granted the plaintiffs motion, in effect, to vacate so much of a prior order of the same court dated September 23, 2011, as granted their unopposed motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.
Ordered that the order dated June 1, 2012, is affirmed insofar as appealed from, with costs.
To warrant vacatur of so much of the order dated September 23, 2011 (hereinafter the default order), as granted the appellants’ motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them upon the plaintiffs failure to oppose that motion, the plaintiff was required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1076 [2012]; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 813 [2012]; New Seven Colors Corp. v White Bubble Laundromat, Inc., 89 AD3d 701, 702 [2011]). The plaintiff asserted that his failure to oppose the appellants’ motion pursuant to CPLR 3126 and to provide outstanding discovery resulted from his prior attorney’s neglect of the matter and failure to communicate with him (see Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701 [2012]; Wagner v 119 Metro, LLC, 59 AD3d 531, 533 [2009]; Hageman v Home Depot U.S.A., Inc., 25 AD3d 760, 761 [2006]; Gironda v Katzen, 19 AD3d 644, 645 [2005]; Halikiopoulos v New York Hosp. Med. Ctr. of Queens, 284 AD2d 373, 374 [2001]). When the plaintiff discovered that the default order had been issued against him, he immediately retained new counsel, provided responses to outstanding discovery requests, and moved to vacate the default order (see Abel v Estate of Collins, 73 AD3d 1423, 1425 [2010]; Steel Krafts Bldg. Materials & Supplies v Komazenski, 252 AD2d 731, 732 [1998]; Nan Su Paek v *791 In Chul Song, 158 AD2d 321 [1990]). The plaintiff demonstrated that his failure to provide the outstanding discovery was not willful and contumacious (see CPLR 3126; Wagner v 119 Metro, LLC, 59 AD3d at 533; Gironda v Katzen, 19 AD3d at 645; Halikiopoulos v New York Hosp. Med. Ctr. of Queens, 284 AD2d at 374). Moreover, in light of the strong public policy in favor of resolving cases on the merits, the potential merit to the action, the plaintiffs lack of intent to abandon the action, and the lack of prejudice to the appellants caused by the delay, the Supreme Court providently exercised its discretion in granting the plaintiffs motion, in effect, to vacate so much of the default order as granted the appellants’ motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them (see Halikiopoulos v New York Hosp. Med. Ctr. of Queens, 284 AD2d at 374; see also Infante v Breslin Realty Dev. Corp., 95 AD3d at 1077; Piszczatowski v Hill, 93 AD3d 707, 708 [2012]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.