*926 In an action to recover money allegedly due and owing pursuant to a lease, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Feinman, J.), entered April 15, 2013, which, sua sponte, dismissed the complaint and the plaintiffs reply to the counterclaims with prejudice, upon the plaintiffs alleged failure to comply with court-ordered discovery, and (2) an order of the same court dated June 7, 2013, which denied the plaintiffs motion to vacate the order entered April 15, 2013.
Ordered that the order dated June 7, 2013, is reversed, on the facts and in the exercise of discretion, the plaintiffs motion to vacate the order entered April 15, 2013, is granted, and the order entered April 15, 2013, is vacated; and it is further,
Ordered that the appeal from the order entered April 15, 2013, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal since the appeal is academic in light of our determination of the appeal from the order dated June 7, 2013; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
A court may strike a party’s pleadings as a sanction if the party “refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed” (CPLR 3126; see Edwards v Prescott Cab Corp., 110 AD3d 671, 673 [2013]). This sanction may be imposed by the court sua sponte, without a motion to impose the sanction (see Pellegrino v Salzberg, 270 AD2d 470 [2000]; Cauley v Long Is. R.R. Co., 234 AD2d 252 [1996]).
A preliminary conference order and stipulation dated September 24, 2012, stated in writing that all discovery items demanded were to be produced by December 15, 2012, and depositions were to be conducted in January 2013. Thereafter, there were compliance conferences where the court made oral directives which were memorialized in letters written by the defendant’s counsel. Failure to timely comply with an oral order is not grounds for preclusion where the party precluded did not have reasonable notice of the oral order (see Scardino v Town of Babylon, 248 AD2d 371, 372 [1998]). However, in this case, the plaintiff had notice of the oral directives. Willful and contumacious conduct may be inferred from “repeated failures to respond to the [adversary’s] demands and the court’s compliance conference order without a reasonable excuse” (H.R. Prince, Inc. v Elite Envtl. Sys., Inc., 107 AD3d 850, 851 [2013]).
*927 However, in the instant case, the plaintiff provided many of the requested items of disclosure. With respect to its failure to meet the final deadline imposed — April 9, 2013 — the plaintiff proffered a specific excuse — law office failure, in that the items were sent by regular mail instead of overnight mail. Further, the delay was short, and the defendant failed to demonstrate actual prejudice from the short delay (see Lampel v Sergel, 287 AD2d 548 [2001]). Given the public policy of resolving cases on the merits (see Korchak v Santana, 102 AD3d 928 [2013]; Lopes v Metropolitan Tr. Auth., 66 AD3d 744 [2009]), the striking of the plaintiffs pleadings was an improvident exercise of discretion (see Korchak v Santana, 102 AD3d 928 [2013]; Lopes v Metropolitan Tr. Auth., 66 AD3d 744 [2009]). Accordingly, we reverse the order dated June 7, 2013, grant the plaintiffs motion to vacate the order entered April 15, 2013, and vacate the order entered April 15, 2013. Mastro, J.E, Dickerson, Lott and Hinds-Radix, JJ., concur.