Lindo v Lindo (2020 NY Slip Op 04154)





Lindo v Lindo


2020 NY Slip Op 04154


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-06683
 (Index No. 200838/14)

[*1]Yolanda Lindo, plaintiff-appellant, 
v
Milton P. Lindo, Sr., respondent; The Virdone Law Firm, P.C., nonparty-appellant.


The Virdone Law Firm, P.C., Westbury, NY (John Virdone of counsel), for plaintiff-appellant.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jason A. Isaacson of counsel), for respondent.



DECISION & ORDER
In an action for divorce and ancillary relief, the plaintiff and nonparty The Virdone Law Firm, P.C., appeal from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated April 5, 2017. The order granted the plaintiff's motion for an award of counsel fees only to the extent of awarding her counsel fees in the sum of $25,000.
ORDERED that the appeal by nonparty The Virdone Law Firm, P.C., is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed on the appeal by the plaintiff; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal by nonparty The Virdone Law Firm, P.C., must be dismissed as abandoned, since the appellate brief has been submitted only on behalf of the plaintiff (see e.g. JP Morgan Chase Bank, N.A. v Grennan, 175 AD3d 1512, 1513; Platt v New York City Health & Hosps. Corp., 105 AD3d 1026, 1027; Mora v Kane is Able, Inc., 105 AD3d 1022, 1022).
The determination of what constitutes reasonable counsel fees is within the Supreme Court's discretion (see Domestic Relations Law § 237[a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Duffy v Duffy, 84 AD3d 1151, 1152; Kaplan v Kaplan, 51 AD3d 635, 637). In exercising its discretion, a court should review the financial circumstances of both parties together with all of the other circumstances of the case, which may include the relative merit of the parties' positions (see DeCabrera v Cabrera-Rosete, 70 NY2d at 881). Under the circumstances here, including the defendant's status as the monied spouse, the considerable disparity in the parties' counsels' fees, and the amount of the distributive award and the maintenance award to the plaintiff, the Supreme Court providently exercised its discretion in limiting the plaintiff's award of counsel fees to the sum of $25,000 (see Burke v Burke, 175 AD3d 458, 460; Beyel v Beyel, 173 AD3d 1129, 1130).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court