OneWest Bank N.A. v Muller (2020 NY Slip Op 07205)





OneWest Bank N.A. v Muller


2020 NY Slip Op 07205


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12208
 (Index No. 17127/10)

[*1]OneWest Bank N.A., respondent, 
v
Kathryn Muller, etc., et al., appellants, et al., defendants.


Andrew D. Brodnick, Rye Brook, NY, for appellants Peter Zander and David Zander.
Bryan Cave Leighton Paisner LLP, New York, NY (Nafiz Cekirge and Catherine E. Welker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Kathryn Muller and Mark Zander, as executors and heirs of the estate of Arthur J. Zander, and Peter Zander, Margaret Orling, Jane Sussman, and David Zander, as heirs of the estate of Arthur J. Zander, appeal from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 26, 2017. The judgment of foreclosure and sale, upon an order of the same court dated December 31, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal by the defendants Kathryn Muller and Mark Zander, as executors and heirs of the estate of Arthur J. Zander, and Margaret Orling and Jane Sussman, as heirs of the estate of Arthur J. Zander, is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the judgment of foreclosure and sale is modified, on the law, by deleting the provision thereof directing that the estate of Arthur J. Zander shall pay the amount of any deficiency provided that a motion for a deficiency judgment is made in accordance with RPAPL 1371; as so modified, the judgment of foreclosure and sale is affirmed on the appeal by the defendants Peter Zander and David Zander, as heirs of the estate of Arthur J. Zander, without costs or disbursements.
The appeal by the defendants Kathryn Muller and Mark Zander, as executors and heirs of the estate of Arthur J. Zander, and Margaret Orling and Jane Sussman, as heirs of the estate of Arthur J. Zander, must be dismissed as abandoned, since the appellate brief has been submitted only on behalf of the defendants Peter Zander and David Zander, as heirs of the estate of Arthur J. Zander (see Lindo v Lindo, 185 AD3d 914; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1512, 1513).
Arthur J. Zander (hereinafter the decedent) owned real property in Pound Ridge, subject to a reverse mortgage. The decedent died on December 17, 2007. In his will, the decedent [*2]directed the payment of his funeral expenses and all of his debts as soon after his death as practicable. He devised his "entire estate, real or personal, of whatever nature and wherever located . . . in equal shares to [his] children." The decedent further directed that in calculating the shares to be distributed to each of his issue, any outstanding principal on loans that he had made to his sons Peter Zander and Mark Zander shall be considered to have been given to those individuals as part of their shares they would be entitled to under the will and that those shares "shall be adjusted to reflect such prior gift(s) as being a part of his or their share(s)." Pursuant to the terms of the reverse mortgage and the loan agreement and note, the death of the borrower constituted a "maturity event," upon which the total amount due under the loan became due and payable. In July 2010, the plaintiff commenced this action against, among others, two of the decedent's children, Kathryn Muller and Mark Zander, in their capacity as executors of the decedent's estate (hereinafter together the executors), to foreclose the reverse mortgage. In an answer dated August 24, 2010, the executors raised as an affirmative defense the plaintiff's failure to include as necessary parties the decedent's six children in their capacity as named devisees in his will, Kathryn Muller, Mark Zander, Peter Zander, Margaret Orling, Jane Sussman, and David Zander (hereinafter collectively the heirs). In 2014, the executors moved pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against them on the ground that the heirs were necessary parties and the plaintiff had not named them as parties to the action. The plaintiff cross-moved, inter alia, to compel the executors to provide the last known addresses of Peter Zander, Margaret Orling, Jane Sussman, and David Zander so that they could be named as defendants. The Supreme Court denied the executors' motion to dismiss the complaint, granted that branch of the plaintiff's cross motion which was, in effect, for leave to amend the complaint to add the heirs as defendants, and denied that branch of the plaintiff's cross motion which was to compel production of the last known addresses of Peter Zander, Margaret Orling, Jane Sussman, and David Zander.
In a supplemental summons and amended complaint dated November 5, 2014, the plaintiff named the heirs as defendants and amended the caption to reflect that the plaintiff was suing Kathryn Muller and Mark Zander in their capacity as heirs, in addition to their capacity as executors. In their answer, the executors and the heirs raised as an affirmative defense that the action was "barred by the applicable statute of limitations." The plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the executors and the heirs, to strike their answer, and for an order of reference. The Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. After the referee issued his report, the plaintiff moved, among other things, to confirm the report and for a judgment of foreclosure and sale. In a judgment of foreclosure and sale dated September 26, 2017, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. Peter Zander and David Zander (hereinafter together the Zanders) appeal.
We agree with the Supreme Court's determination that the relation-back doctrine applies and therefore, contrary to the Zanders' contention, the action is not time-barred insofar as asserted against them in their capacity as heirs. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203[f]). The relation-back doctrine "enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired" (Buran v Coupal, 87 NY2d 173, 177). "The doctrine thus gives courts the sound judicial discretion to identify cases that justify relaxation of limitations strictures . . . to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary" (id. at 177-178 [citation and internal quotation marks omitted]).
"A plaintiff must establish the applicability of the relation-back doctrine by demonstrating that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his [or] her defense on the merits; and (3) the new defendant knew [*3]or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well" (Petruzzi v Purow, 180 AD3d 1083, 1084; see Buran v Coupal, 87 NY2d at 178). With respect to the third prong, which is the only prong at issue on appeal, the mistake need not be excusable (see Buran v Coupal, 87 NY2d at 176, 179-181). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Petruzzi v Purow, 180 AD3d at 1084 [internal quotation marks omitted]).
Here, contrary to the Zanders' contention, the plaintiff established the third prong of the relation-back doctrine, which focuses, among other things, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all 'and that the matter has been laid to rest as far as he [or she] is concerned'" (Buran v Coupal, 87 NY2d at 181 [emphasis omitted], quoting Brock v Bua, 83 AD2d 61, 70). Here, the Zanders, in their capacity as heirs, could not have reasonably concluded that there was no intent to sue them, given that the probate petition naming each of the heirs was annexed to the plaintiff's initial complaint (see Petruzzi v Purow, 180 AD3d 1083). Furthermore, such a conclusion would be unreasonable in light of the provisions of the reverse mortgage and loan agreement and note, as well as the provisions of the decedent's will, and the fact that the plaintiff sued the executors in their capacity as the executors of the decedent's will. The relevant provisions of the will, loan agreement and note, and reverse mortgage reflect that it was anticipated that the property would be sold to satisfy the amount due on the loan, and that the executors of the decedent's estate would pay the decedent's debts and calculate the shares to be distributed to each of the decedent's children after adjusting for prior gifts to certain children. Moreover, the plaintiff was not required to show that the mistake was excusable (see Buran v Coupal, 87 NY2d 173). Therefore, the relation-back doctrine applied, and the action was not untimely with respect to the Zanders in their capacity as heirs (cf. Reverse Mtge. Solutions, Inc. v Fattizzo, 172 AD3d 768).
However, the Supreme Court should not have included in the judgment of foreclosure and sale a provision requiring the decedent's estate to pay the amount of any deficiency following the sale of the subject property. As the Zanders contend, the loan agreement and note contained a provision that the debt was nonrecourse, such that the lender was not permitted to "use or attach any of [the decedent's] other assets or property [other than the subject property] to satisfy the Loan obligation."
Accordingly, we modify the judgment of foreclosure and sale by deleting the provision directing that the decedent's estate shall pay the amount of any deficiency provided that a motion for a deficiency judgment is made in accordance with RPAPL 1371.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court