Spetner v Dan (2022 NY Slip Op 03019)





Spetner v Dan


2022 NY Slip Op 03019


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-05571
 (Index No. 513440/15)

[*1]Abraham Spetner, et al., respondents-appellants,
v
Avi Dan, et al., appellants-respondents.


Carmel, Milazzo & Feil LLP, New York, NY (Michael D. Nacht of counsel), for appellants-respondents.
Jonathan E. Neuman, Fresh Meadows, NY, for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of contract, the defendants appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 27, 2019. The order, insofar as appealed from, in effect, denied that branch of the defendants' motion which was to vacate a conditional order of the same court dated September 18, 2018. The order, insofar as cross-appealed from, in effect, denied that branch of the plaintiffs' cross motion which was to strike the defendants' answer.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In 2015, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for fraud and breach of contract. In an order dated September 18, 2018 (hereinafter the first conditional order), the Supreme Court directed the defendants to respond in good faith to the plaintiffs' outstanding discovery demands and produce documents responsive thereto. The first conditional order also stated that the court would determine at the next discovery conference whether the defendants had complied with the order and whether the defendants' answer should be stricken as a penalty for noncompliance.
In November 2018, the defendants moved, inter alia, to vacate the first conditional order, and the plaintiffs cross-moved, among other things, to strike the defendants' answer. In an order dated February 27, 2019 (hereinafter the second conditional order), the Supreme Court, inter alia, in effect, denied that branch of the defendants' motion, in effect, denied that branch of the plaintiffs' cross motion, directed the defendants to respond to the plaintiffs' discovery demands within 120 days, and stated that, if the court determined that the defendants failed to do so, the defendants' answer would be deemed stricken. The defendants appeal, and the plaintiffs cross-appeal.
"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court," and such a determination should not be disturbed on appeal unless the court's discretion was improvidently exercised (Bennett v State Farm Fire & Cas. Co., 189 AD3d 749, 750 [internal quotation marks omitted]). CPLR 3126 "broadly empowers a trial court to craft a conditional order—an order 'that grants the motion and imposes the sanction "unless" within a specified time the resisting party submits to the disclosure'" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79, quoting Patrick M. Connors, Practice Commentaries, [*2]McKinney's Cons Laws of NY, Book 7B, CPLR C3126:10).
"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court" (Ahmed v Ahmed, 175 AD3d 1363, 1364-1365). "The striking of a pleading may be appropriate as a sanction where there is a clear showing that the failure to comply with discovery demands is willful and contumacious" (id. at 1365).
The Supreme Court providently exercised its discretion in, in effect, denying that branch of the defendants' motion which was to vacate the first conditional order, and in issuing the second conditional order. Contrary to the defendants' contention, CPLR 3126 empowered the court to issue the first conditional order sua sponte (see S.R. Garden City, LLC v Magnacare, LLC, 114 AD3d 925, 926; Pellegrino v Salzberg, 270 AD2d 470, 470; see also Ahmed v Ahmed, 175 AD3d at 1364).
Turning to the cross appeal, the Supreme Court providently exercised its discretion in, in effect, denying that branch of the plaintiffs' cross motion which was to strike the defendants' answer. Contrary to the plaintiffs' contention, they failed to clearly establish that the defendants engaged in willful and contumacious conduct warranting the drastic remedy of striking their answer (see Halvatzis v Jamaica Hosp. Med. Ctr., 163 AD3d 532, 534; Sinclair v City of New York, 153 AD3d 876, 877; Palmieri v Piano Exch., Inc., 124 AD3d 611, 612).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court