Malek v Malek (2022 NY Slip Op 05033)

Malek v Malek

2022 NY Slip Op 05033

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-08905
 (Index No. 516802/17)

[*1]Mordechai Hersh Malek, etc., et al., appellants,
v
Chaim Hillel Malek, et al., respondents.

J. Michael Gottesman, Kew Gardens, NY, for appellants.
Howard R. Birnbach, Great Neck, NY, for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 14, 2020. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to impose monetary sanctions.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In or about August 2017, the plaintiffs commenced this action pursuant to RPAPL article 15 to quiet title to real property. In December 2019, the plaintiffs moved pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to impose monetary sanctions, to compel disclosure, and to extend the time to file the note of issue. In an order dated January 17, 2020, the Supreme Court directed that depositions be completed by certain dates, that the defendants produce certain bank statements within 10 days of the date of the order, and, in effect, reserved decision on the plaintiffs' motion until the return date.
Thereafter, the matter was referred to another justice. In an order dated September 14, 2020, the Supreme Court granted the plaintiffs' motion to the extent of directing that the defendants provide an affidavit setting forth, inter alia, that they had provided all documents in their possession and control responsive to the plaintiffs' demands, and extending the plaintiffs' time to file the note of issue. The court otherwise denied the motion. The plaintiffs appeal.
CPLR 3101(a)(1) provides "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party." "If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," the court may issue an order to sanction that party (id. § 3126). Such sanctions may include "an order striking out pleadings or parts thereof" (id. § 3126[3]).
"'The nature and degree of a penalty to be imposed under CPLR 3126 . . . is addressed to the court's discretion'" (Ambroise v Palmana Realty Corp., 197 AD3d 1226, 1227, [*2]quoting Crupi v Rashid, 157 AD3d 858, 859; see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1022). However, before a court invokes the drastic remedy of striking a pleading, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (see Ambroise v Palmana Realty Corp., 197 AD3d at 1227; Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d at 1022; Crupi v Rashid, 157 AD3d at 859). "'The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse'" (Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d at 1022-1023, quoting Mears v Long, 149 AD3d 823, 823-824).
Here, the record does not establish a clear showing of willfulness and contumacious conduct necessary to justify the striking of the defendants' answer pursuant to CPLR 3126 (see Amos v Southampton Hosp., 198 AD3d 947, 948; Burrell v Baptista, 180 AD3d 988, 988; Rector v City of New York, 174 AD3d 660, 661). Moreover, it appears that while the plaintiffs' motion was pending, the defendants substantially complied with the January 17, 2020 order by appearing for additional depositions and providing all of the documents in their possession and control responsive to the plaintiffs' demands. While we do not condone the defendants' delay in adhering to court-ordered discovery schedules (see Kihl v Pfeffer, 94 NY2d 118, 123; Korchak v Santana, 102 AD3d 928, 928), given the public policy favoring resolution of actions on the merits (see Korchak v Santana, 102 AD3d at 928; Zouev v City of New York, 32 AD3d 850, 851), under the circumstances, it was not an improvident exercise of discretion for the Supreme Court to deny those branches of the plaintiffs' motion which were to strike the defendants' answer, or in the alternative, to impose monetary sanctions (see Korchak v Santana, 102 AD3d at 928; Mironer v City of New York, 79 AD3d 1106, 1108; Zouev v City of New York, 32 AD3d at 851).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court