Matthews v Geothermal Energy Options, LLC (2022 NY Slip Op 05522)

Matthews v Geothermal Energy Options, LLC

2022 NY Slip Op 05522

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-00454
 (Index No. 50314/17)

[*1]Idoni E. Matthews, plaintiff third-party defendant-appellant,
v
Geothermal Energy Options, LLC, defendant third-party plaintiff-respondent, Christopher Ryan, defendant-respondent; Florence R. Matthews, third-party defendant-appellant, et al., third-party defendants.

Pascazi Law Offices, PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for plaintiff third-party defendant-appellant.
McCabe & Mack, LLP, Poughkeepsie, NY (Cory A. Poolman of counsel), for defendant third-party plaintiff-respondent and defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff third-party defendant, Idoni E. Matthews, and the third-party defendant Florence R. Matthews appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated October 10, 2018. The order, insofar as appealed from, denied that branch of the motion of the plaintiff third-party defendant, Idoni E. Matthews, which was pursuant to CPLR 3126 to strike the pleadings of the defendant third-party plaintiff, Geothermal Energy Options, LLC, and the defendant Christopher Ryan for spoliation of evidence.
ORDERED that the appeal by the third-party defendant Florence R. Matthews is dismissed as abandoned and on the ground that she is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff third-party defendant, Idoni E. Matthews; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff, Geothermal Energy Options, LLC, and the defendant Christopher Ryan, payable by the plaintiff third-party defendant, Idoni E. Matthews.
The appeal by the third-party defendant Florence R. Matthews must be dismissed as abandoned, since the appellate brief has been submitted only on behalf of the plaintiff third-party defendant, Idoni E. Matthews (see OneWest Bank N.A. v Muller, 189 AD3d 853; Lindo v Lindo, 185 AD3d 914, 914). In addition, the third-party defendant Florence R. Matthews is not aggrieved by the order appealed from (see CPLR 5511).
On or about February 8, 2016, the plaintiff third-party defendant, Idoni E. Matthews [*2](hereinafter the plaintiff), entered into a contract with the defendant third-party plaintiff, Geothermal Energy Options, LLC (hereinafter GEO), to build a geothermal heating ventilating & air conditioning (hereinafter GHVAC) system at the plaintiff's property. The defendant Christopher Ryan was a signatory to the contract as the managing member of GEO. The relationship between the parties soured during the performance of the contract and, on January 6, 2017, in response to the plaintiff's failure to release alleged outstanding payments due to GEO, Ryan and other GEO employees removed the GHVAC system component parts that had been installed on the plaintiff's property.
Thereafter, the plaintiff commenced this action against GEO and Ryan (hereinafter together the defendants), inter alia, to recover damages for breach of contract, and GEO in turn commenced a third-party action against, among others, the plaintiff. The plaintiff subsequently moved pursuant to CPLR 3126 for sanctions against GEO and Ryan based on their removal of the GHVAC component parts in the form of, among other things, an order striking their pleadings in this and the third-party action. In an order dated October 10, 2018, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629; see Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679; Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 713). The court "may, under appropriate circumstances, impose a sanction 'even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] was on notice that the evidence might be needed for future litigation'" (Samaroo v Bogopa Serv. Corp., 106 AD3d at 714, quoting DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 53). Generally, "[a] party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Garcia v Emerick Gross Real Estate, L.P., 196 AD3d at 679 [internal quotation marks omitted]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; Smith v Cunningham, 154 AD3d 681, 682).
"The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (Lentz v Nic's Gym, Inc., 90 AD3d 618, 618; see Samaroo v Bogopa Serv. Corp., 106 AD3d at 713). "Because striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, the prejudice that results from the spoliation must be considered in order to determine whether such drastic relief is necessary as a matter of fundamental fairness" (De Los Santos v Polanco, 21 AD3d 397, 398; see Jenkins v Proto Prop. Servs., LLC, 54 AD3d 726, 727).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' pleadings as a sanction for spoliation of evidence. The plaintiff failed to establish that the defendants possessed an obligation to preserve, in anticipation of litigation, the GHVAC component parts that had been installed on the plaintiff's property (see Jenkins v Proto Prop. Servs., LLC, 54 AD3d at 727; cf. Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606-607). Moreover, although the value of the GHVAC component parts that were installed on the plaintiff's property is potentially relevant to this litigation, the plaintiff further failed to demonstrate that examination of the particular GHVAC component parts that were installed is necessary to prosecute this action against the defendants or to defend against GEO in the third-party action (see Olivares v Pollack 111 Bruce, LLC, 197 AD3d 481, 482; Jenkins v Proto Prop. Servs., LLC, 54 AD3d at 727). Accordingly, the sanction of striking the defendants' pleadings was not warranted in this case.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court