C.M. v City of New York (2025 NY Slip Op 05231)

C.M. v City of New York

2025 NY Slip Op 05231

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-10858
 (Index No. 514338/18)

[*1]C.M., etc., et al., appellants, 
v
City of New York, et al., respondents.

Merson Law PLLC, New York, NY (Jordan K. Rutsky of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and D. Alan Rosinus, Jr., of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 19, 2024. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against the defendants, inter alia, to recover damages for personal injuries the plaintiff C. M., then a 14-year-old minor, allegedly sustained in 2017 during his high school gym class. The plaintiffs served discovery demands on the defendants dated January 2022 and September 2023. These demands were the subject of several follow-up emails by the plaintiffs and missed court-ordered deadlines by the defendants. In February 2024, the plaintiffs moved, among other things, pursuant to CPLR 3126 to strike the defendants' answer, contending that the defendants willfully and contumaciously failed to adequately respond to the plaintiffs' January 2022 and September 2023 discovery demands. The defendants completed their response to these demands in March 2024.
In an order dated August 19, 2024, the Supreme Court, inter alia, denied that branch the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer. The plaintiffs appeal.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." "The nature and degree of the penalty to be imposed [on a motion] pursuant to CPLR 3126 is . . . within the [broad] discretion of the [motion] court" (Ferjuste v 437 BMW, LLC, 219 AD3d 1308, 1309 [internal quotation marks omitted]; see Farrell v Keldiyarov, 234 AD3d 933, 934). "The striking of a pleading is a drastic remedy that may only be warranted upon a clear showing that the failure to comply with discovery demands or court-ordered discovery was willful and contumacious" (Lucas v Stam, 147 AD3d 921, 926; see Farrell v Keldiyarov, 234 AD3d at 934). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated [*2]failure to respond to demands or to comply with discovery orders and the absence of a reasonable excuse for these failures" (Plenty v New York City Tr. Auth., 229 AD3d 571, 572-573; see Malek v Malek, 208 AD3d 773, 774).
Here, although the defendants were significantly delayed in complying with discovery demands and court-ordered discovery deadlines, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer (see Plenty v New York City Tr. Auth., 229 AD3d at 573; Aldo v City of New York, 210 AD3d 833, 835).
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court