Casillas v Moore (2025 NY Slip Op 06598)

Casillas v Moore

2025 NY Slip Op 06598

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-03554
 (Index No. 604719/15)

[*1]Jonathan Casillas, appellant, 
v
Brian P. Moore, et al., respondents.

Rosenberg & Gluck, LLP, Holtsville, NY (Darby A. Singh and Erin M. Hargis of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated April 27, 2022. The order granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer only to the extent of determining that the plaintiff was entitled to an adverse inference charge at trial.
ORDERED that the order is affirmed, without costs or disbursements.
In May 2015, the plaintiff commenced this action against the defendants, Brian P. Moore, a Suffolk County police officer, Suffolk County Police Department, and County of Suffolk, to recover damages for personal injuries he allegedly sustained in a motor vehicle accident.
In March 2022, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer for their failure to comply with various orders relating to discovery and spoliation of evidence. The defendants opposed the motion.
In an order dated April 27, 2022, the Supreme Court granted the plaintiff's motion only to the extent of determining that the plaintiff was entitled to an adverse inference charge at trial. The plaintiff appeals.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (see CPLR 3126[3]; Sanabria v NYSARC, Inc., 204 AD3d 716, 717). "The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion" (Crupi v Rashid, 157 AD3d 858, 859; see Castillo v Charles, 210 AD3d 625, 626). "However, before a court invokes the drastic remedy of striking a pleading, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Malek v Malek, 208 AD3d 773, 774; see 255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 831, 834). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Johnson v Ortiz Transp., LLC, 205 AD3d 699, 700 [internal quotation marks omitted]; see Ambroise v Palmana Realty Corp., 197 AD3d 1226, 1227-1228). Here, the record does not establish a clear showing of willfulness and contumacious [*2]conduct necessary to justify the striking of the defendants' answer, as the defendants have provided significant documentation and additional depositions regarding the accident (see Malek v Malek, 208 AD3d at 774-775; Johnson v Ortiz Transp., LLC, 205 AD3d at 700).
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Matthews v Geothermal Energy Options, LLC, 209 AD3d 635, 636 [internal quotation marks omitted]; see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1018, 1020). The court has the discretion to determine the appropriate sanction for the spoliation of evidence (see Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675). However, because striking a pleading is a drastic sanction to impose, "[w]hen the moving party is still able to establish or defend a case, a less severe sanction is appropriate" (Amos v Southampton Hosp., 198 AD3d 947, 948 [internal quotation marks omitted]; see Angotti v Petro Home Servs., 208 AD3d 1294, 1296). Here, the spoliation of Moore's memo book did not deprive the plaintiff of his ability to prove his case so as to warrant the drastic sanction of striking the defendants' answer. Under the circumstances of this case, the lesser sanction of directing that an adverse inference charge be given against the defendants regarding the contents of the memo book concerning the accident was appropriate (see Yi Jiang Pai v Nelson Senior Hous. Dev. Fund Corp., 232 AD3d 822, 826).
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court